### Ebenezer L. Ferry

*v.*

### Madeline Meckert and others.

A mortgage was given by M. to A. and F., partners, to secure them for goods sold and to be sold by them to M. After a dissolution of the firm, the mortgage was by delivery assigned to F., as part of his share of the assets, and by an agreement then made between M., A. and F., such mortgage was also to secure F. for any goods thereafter sold to M. M. died, leaving all his property to his wife, who was also made executrix, and proved the will. On foreclosure by F., M.'s wife was made a party defendant as *devisee*, but not as *executrix*, and by her answer admitted that the mortgage was given to secure the firm of A. and F., and F. individually, for goods sold; and that after the dissolution of the firm M. dealt with F. on the security of the mortgage, and that there is a large amount due on the mortgage; and there was proof of admissions by M.—*Held*, that F. could recover on the mortgage the sums due the firm of A. and F., and also his individual claims against M., their amount and also the fact that the mortgage was intended to secure them being proved by M.'s admissions.

---

Bill to foreclose. On final hearing on pleadings and proofs.

Ferry v. Meckert.

*Mr. I. W. Scudder*, for complainant.

*Mr. C. L. Corbin*, for defendants, American Trust Co. and Charles Muller.

The Chancellor.

On or about November 10th, 1863, Adolph Meckert and his wife gave to William H. Akin and Ebenezer L. Ferry, then constituting the business firm of Akin and Ferry, their mortgage of that date on certain land in Hudson county, then owned by Meckert, to secure the payment of his bond of that date, then given by him to Akin and Ferry, in the penalty of $40,000, and conditioned for the payment of $20,000 in one year, with interest. The bond and mortgage were in fact given as security to Akin and Ferry for money which Meckert then owed them for goods sold and delivered by them to him, and as security for the price of goods which it was contemplated that they would sell to him, and advances of money which they might make to him. Akin and Ferry dissolved partnership on or about the 1st of May, 1871, and, according to the bill, the debt ($10,000) then secured to the firm by the mortgage, was assigned to Ferry on account of his share of the assets, and it was agreed between him and Akin and Meckert that the mortgage should not only stand as security to him for that indebtedness, but also for any indebtedness which Meckert might after that time incur to him for goods which he might sell to Meckert or money which he might advance to him.

Meckert died on or about the 10th of October, 1876. He then owed Ferry about $20,000 (besides the debt of $10,000 before mentioned, contracted with the firm) for a balance and interest due for goods sold to him by Ferry on the security of the mortgage. The mortgage was not assigned by written assignment to Ferry by Akin until October 5th, 1876. He then assigned it by such assignment. Meckert, by his will, gave all his property to his wife, whom he thereby constituted his executrix. She proved the will.

She is made a party to the suit as devisee, but not as executrix. By the answer put in by her and William and Sophie Steinbrenner, who are made defendants in respect of a lease of part of the premises given by Meckert to the latter, they admit the making of the bond and mortgage, and that they were intended to secure Akin and Ferry, and Ferry, for indebtedness to them for goods sold and to be sold and advances made and to be made by them, and that there is a large amount due on the bond and mortgage; and Mrs. Meckert admits that, after the dissolution of the firm of Akin and Ferry, Meckert dealt with Ferry on the security of the mortgage. The answer submits the question, whether, under the circumstances, Ferry can have a valid claim under the mortgage for indebtedness contracted with him individually.

The defendants, the American Trust Company and Charles Muller (who allege that they are creditors of Meckert), by their answer deny that the mortgage is a security to Ferry for the indebtedness contracted with him alone.

The bond and mortgage and assignment to Ferry are proved. By the testimony of Ferry his claim to the security of the mortgage for the indebtedness contracted with him individually is fully established. But while Mrs. Meckert makes no objection to it, the defendants, the American Trust Company and Muller, insist that it is not competent evidence, because, as they contend, this suit is brought against Mrs. Meckert in a representative capacity. Aside from that testimony, however, it is proved by the testimony of Mr. Stoutenburgh, that Meckert admitted that "the money or merchandise received by him from Ferry was intended to be secured by the mortgage, and that the whole amount of the mortgage was due to the latter." Mr. Stoutenburgh was a lawyer, and was consulted by Ferry (Meckert and Ferry going together to his office for the purpose) as to the necessity or advisability of a new mortgage from Meckert fo Ferry, to obviate all question whether the debt which was contracted with Ferry alone after the

dissolution of the copartnership was a lien upon the mortgaged premises. He advised the execution of a new mortgage, and made preparations accordingly (a search of the title) for drawing one, and but for Meckert's death a new mortgage would have been given on the mortgaged premises accordingly.

The answer of Mrs. Meckert and the Steinbrenners, as before stated, admits that the mortgage in suit was intended to secure the firm of Akin and Ferry, and Ferry individually; and Mrs. Meckert by it further admits that, after the dissolution, Meckert dealt with Ferry on the security of the mortgage. Ferry, under the circumstances, is entitled to recover under the mortgage his individual debt and the partnership debt to the amount together of the money which the mortgage purports to be made to secure. *Flanagan* v. *Westcott, 3 Stock. 264; Robinson* v. *Urquhart, 1 Beas. 515; Atwater* v. *Underhill, 7 C. E. Gr. 599.*

There will be a decree in accordance with these views.